**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4786**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

KEMP EARL MITCHELL,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine C. Blake, District Judge.
(1:12-cr-00550-CCB-1)

Submitted: April 17, 2014          Decided:  April 21, 2014

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Ron Earnest, LAW OFFICE OF RON EARNEST, Riverdale, Maryland, for
Appellant.   David I. Sharfstein, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kemp Earl Mitchell pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. § 846 (2012). He received a below-Guidelines sentence of 144 months' imprisonment. On appeal, Mitchell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the adequacy of the guilty plea colloquy and the propriety of Mitchell's sentence. Mitchell has filed a pro se supplemental brief challenging his sentence under Alleyne v. United States, 133 S. Ct. 2151 (2013), and the adequacy of the plea colloquy. He also alleges appellate counsel has rendered ineffective assistance by filing an Anders brief. The Government has moved to dismiss Mitchell's appeal of his sentence based on the appellate waiver provision in the plea agreement. We grant the Government's motion and dismiss Mitchell's appeal of his sentence, and we affirm Mitchell's conviction.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks

2

omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Mitchell's waiver of appellate rights was knowing and intelligent. Turning to the scope of the waiver, we conclude that the sentencing issues Mitchell raises in the Anders brief and the pro se supplemental brief fall within the scope of the appellate waiver provision. Thus, we grant the Government's motion to dismiss Mitchell's appeal of his sentence and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Mitchell's conviction pursuant to Anders. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

The waiver provision also does not preclude our review of Mitchell's claim that appellate counsel rendered ineffective

3

assistance by failing to file a merits brief.  Such claims, however, are not generally cognizable on direct appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Because the record does not establish that appellate counsel was ineffective, we will not review Mitchell's claim at this juncture.  United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (providing standard).

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review.  We therefore affirm Mitchell's convictions. This court requires that counsel inform Mitchell, in writing, of his right to petition the Supreme Court of the United States for further review.  If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Mitchell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4